UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21834-CIV-JORDAN

| | |
|---|---|
| THE PBSJ CORPORATION | ) |
|       Plaintiff | ) ) ) |
| vs. | ) ) |
| WACHOVIA BANK, NATIONAL ASSOCIATION | ) ) ) |
|       Defendant | ) |

**ORDER ON MOTION TO DISMISS**

PBSJ filed this lawsuit against Wachovia seeking damages on theories of negligence and unjust enrichment in connection with an allegedly fraudulent bank account that was opened by a former PBSJ employee and used to embezzle PBSJ's funds. Pending is Wachovia's motion to dismiss. For the reasons explained below, the motion [D.E. 3] is DENIED.

**I. FACTS**

PBSJ and Wachovia had a business banking relationship whereby PBSJ maintained five accounts with Wachovia. Specifically, the complaint refers to the following five legitimate bank accounts that PBSJ had with Wachovia:

- Account No. 13-454-577 opened in the name "Post, Buckley, Schuh and Jernigan, Inc." on July 13, 1999. The account application included the original signatures of Richard A. Wicket, an officer and director of PBSJ, and W. Scott De Loach.

- Account No. 13-454-621 opened in the name PBS&J Constructors, Inc. on July 27, 1999. The account application included the original signatures of Mr. DeLoach and three other individuals.

- Two deposit accounts opened in the name "PBS&J- Ridge Chapter F.E.S." on November 21, 2002. The account application included five original signatures.

- Account No. 13-730-886 opened in the name PBS&J Political Action Committee - Texas. The date the account was opened is unknown. The account application included original signatures from Mr. Wickett, H. Michael Dye, and Mr. DeLoach.

According to the allegations in the complaint, on March 8, 2004, Mr. DeLoach, a former employee of PBSJ, opened a sixth, but fraudulent bank account at Wachovia in PBSJ's name. Specifically, Mr. DeLoach opened a commercial checking account in the name of "Post, Buckley, Schuh and Jernigan, Inc. PAC Account," (hereinafter, the "DeLoach Account"). Wachovia did not require a corporate resolution from PBSJ authorizing the opening of the DeLoach Account, as it had required with PBSJ's prior accounts. In addition, the application to open the account, which had two spaces for signatures, was signed by Mr. DeLoach and by a rubber stamp version of Mr. Wicket's signature, as opposed to the two original signatures that Wachovia had required when opening PBSJ's prior accounts.[1]

After he opened the DeLoach Account, Mr. DeLoach fraudulently issued checks from PBSJ's Benefit Fund Operating Account (a valid PBSJ account) payable to PBSJ and deposited those checks into the DeLoach Account.[2] Mr. DeLoach then wrote checks to himself or to others for his benefit, from the DeLoach Account. In particular, Mr. DeLoach used the funds in the DeLoach Account to repay Wachovia for a personal line of credit. In total, he issued checks worth over $1.4 million dollars to Wachovia from the DeLoach Account in repayment of his personal line of credit. PBSJ filed this lawsuit against Wachovia seeking damages on theories of negligence and unjust enrichment.

## II. LEGAL STANDARD

Upon review of a motion to dismiss, a court should "accept as true the facts stated in the complaint and all reasonable inferences therefrom." *Jackson v. Okaloosa County, Fla.* 21 F.3d 1531, 1534 (11th Cir. 1994). The court should construe the allegations in the complaint in the light most favorable to the plaintiff. *See Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). "Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jahairs,* 297 F.3d 1182, 1188 (11th Cir. 2002). Therefore, "to survive a motion to dismiss, plaintiffs must do more than merely state legal

---

[1] According to the complaint, Mr. DeLoach misappropriated the rubber stamp for use on the application.

[2] It is not clear from the allegations in the complaint whether PBSJ's Benefit Fund Operating Account was an account with Wachovia, or a different bank, but it appears that these checks were written from an account outside Wachovia bank.

conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Communications*, 372 F. 3d 1250, 1263 (11th Cir. 2004). In other words, as the Supreme Court stated in its most recent opinion clarifying the motion to dismiss standard, in order for a complaint to survive a dismissal for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

### III. DISCUSSION

#### A. COUNT I: NEGLIGENCE

Wachovia argues that PBSJ's claim for negligence should be dismissed for several reasons. First, Wachovia argues that it did not owe PBSJ any duty with respect to the DeLoach Account. Specifically, Wachovia argues that a bank does not have a duty to a *non-customer* regarding the opening and maintenance of an account with another customer, and that Mr. DeLoach -- not PBSJ -- was its customer with respect to the DeLoach Account. Therefore, argues Wachovia, it cannot be liable to PBSJ for negligently opening and maintaining the DeLoach Account.

PBSJ does not (nor can it) dispute that "duty" is an essential element of its negligence claim. *See Moransais v. Heathman*, 744 So.2d 973, 975 (Fla.1999) ("Under Florida's common law a person who is injured by another's negligence may maintain an action against the other person based on that other person's violation of a duty of due care to the injured person"). It argues, however, that its status as a longtime customer of Wachovia, with numerous bank accounts with Wachovia, is sufficient to impose a duty of care on Wachovia. At this stage of the litigation, I agree with PBSJ.

Wachovia relies largely on the Fourth Circuit's opinion in *Eisenberg v. Wachovia Bank, N.A.* 301 F.3d 220 (4th Cir. 2002), for its position. In *Eisenberg*, the Fourth Circuit held that Wachovia did not owe any duty to Mr. Eisenberg, an individual who "falls into the undefined and unlimited category of strangers who might interact with Wachovia's bank customer," on account of its customer's fraudulent investment scheme. *Id*. at 226. Specifically, Douglas Reid opened an account at Wachovia in the name "Douglas Walter Reid dba Bear Stearns," and induced Mr. Eisenberg to transfer funds to the account for investment purposes. Mr. Reid then converted the funds deposited by Mr. Eisenberg to his own use. After learning about the conversion, and that Mr. Reid was not associated with Bear Stearns, Mr. Eisenberg sued Wachovia for negligently allowing Mr. Reid to

open and operate the fraudulent bank account using Bear Stearns' name. The Fourth Circuit explained that "[w]hether Wachovia owes a duty of care to [Mr.] Eisenberg depends on the relationship between them," and concluded that the type of relationship needed to impose a duty was not present because "[Mr.] Eisenberg had no direct relationship with Wachovia. He was not a Wachovia bank customer and so far as the allegations indicate, has never conducted business with Wachovia." *Id*. at 225. *See also Monroe v. Sarasota County School Bd.*, 746 So.2d 530, 534 n.6 (Fla.App. 2 Dist. 1999) (in every negligence claim, "we suspect that the relationship between the plaintiff and the defendant is the critical factor in determining whether a negligence cause of action exists").

Here, however, the facts are undisputedly otherwise. PBSJ was a Wachovia customer for approximately five years when the DeLoach Account was opened and had five different bank accounts with Wachovia at the time. *See* Fl. Stat. § 674.104 (defining "customer" as a "a person having an account with a bank"). While I do not conclude that PBSJ's status as a customer of Wachovia bank is sufficient to impose a duty of care on Wachovia under Florida law, I do conclude that, unlike the relationship in *Eisenberg*, the parties relationship here *may* be sufficient to impose a duty on Wachovia with respect to the DeLoach Account, and dismissal is therefore not warranted at this stage of the litigation.

Alternatively, Wachovia argues that if PBSJ was its customer, then its negligence claim is barred by the economic loss rule. The economic loss rule bars a claims for purely economic loss that sound in tort, when the basis of the parties' relationship is contractual. *See Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004). Specifically, the doctrine bars claims where "parties are in contractual privity and one party seeks to recover damages in tort for matters *arising from the contract*." *Id*. (emphasis added). The doctrine is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract and seeking to "obtain a better bargain than originally made" by turning a breach of contract into a tort. *Id*. Therefore, tort actions are barred unless the defendant has "committed a breach of duty apart from a breach of contract". *Id.* at 537. Here, the economic loss doctrine is inapplicable to PBSJ's negligence claims. PBSJ's claims do not arise from the contract between the parties. For example, the parties did not have an agreement that Wachovia would only open accounts in PBSJ's name with

4

a valid corporate resolution or with two original signatures. Rather, PBSJ's claim arises from an alleged breach of duty apart from any contract between the parties, specifically, a breach of duty in connection with an account that the parties did not contract about, and about which PBSJ was apparently unaware. Therefore the claim is not barred by the economic loss doctrine. *See Moransais*, 744 So.2d at 981 (Fla. 1999) ("Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.").

Finally, Wachovia argues that PBSJ's negligence claim should be dismissed because it cannot be liable for allowing Mr. DeLoach to deposit checks fraudulently drawn on a valid PBSJ account into the DeLoach Account. Specifically, it argues that PBSJ's remedy for such fraud is against the *drawee* bank (i.e., the bank that authorized the debit of funds out of PBSJ's valid account) and not Wachovia. In response, PBSJ clarifies the basis for its claim, asserting that "PBSJ is not arguing that [Wachovia is liable because it] failed to review check indorsements; rather PBS&J is asserting that [Wachovia's] negligence arises initially from the opening of the [DeLoach] Account." PBSJ's response at 16. *Id.* at 14 ("[a] review of the Complaint reveals however that PBSJ is not claiming unauthorized signatures or indorsements on checks").[3] Thus, PBSJ necessarily contends that Wachovia's alleged negligence in opening the account was itself a proximate cause of the losses incurred by PBSJ. In its reply, Wachovia responds that PBSJ's damages arise only from the deposits of the fraudulent checks into the DeLoach Account, and not from the simple act of allowing Mr. DeLoach to open the fraudulent account. In other words, Wachovia argues that even if it is liable for opening and maintaining the DeLoach Account, PBSJ suffered no damages from this allegedly careless act. Thus, the only issue remaining in dispute between the parties with respect to Count I is whether the complaint sufficiently alleges that PBSJ's losses were proximately caused by Wachovia's conduct in opening the DeLoach Account. *See Superior Garlic Intern. v. E & A Corp.*,

---

[3] My reading of the complaint is otherwise. Specifically, in paragraph 33 of the Complaint, PBSJ alleges that "DeLoach fraudulently issued checks written on the PBSJ's Benefit Fund Operating Account (a validly opened account) and deposited those checks into the [DeLoach] Account". Thus, it appears to me that PBSJ has somewhat reformulated the theory of its case in response to Wachovia's motion, specifically limiting its claim for negligence to Wachovia's conduct in opening of the account. But, I accept PBSJ's interpretation of its complaint, and will limit PBSJ to such an interpretation going forward.

913 So.2d 645, 648 (Fla. 3rd DCA 2005) (to prove negligence under Florida law, the plaintiff must show injury or harm proximately caused by the defendant's conduct). But neither party has argued or briefed the issue of proximate cause under Florida law, or cited any cases on proximate cause under Florida law, and therefore I decline to address the issue in this order.

In sum, I conclude that dismissal of Count I is not warranted at this stage of the litigation. If Wachovia believes that the complaint fails to allege any damages that were proximately caused by its alleged careless conduct, then it may move for judgment on the pleadings after answering the complaint.

### B. COUNT II: UNJUST ENRICHMENT

Wachovia has also moved to dismiss Count II of the Complaint, in which PBSJ seeks damages for unjust enrichment. To state a claim for unjust enrichment under Florida law, PBSJ must allege that (1) it conferred a benefit on Wachovia of which Wachovia is aware, (2) Wachovia voluntarily accepted and retained the benefit conferred, and (3) the circumstances are such that it would be inequitable for Wachovia to retain the benefit without paying for it. *See Nova Information Systems, Inc. v. Greenwich Ins. Co.*, 365 F.3d 996, 1006 (11th Cir. 2004). Here, Wachovia challenges only the third element, arguing that it was legitimately owed the funds that Mr. DeLoach paid to it. Specifically, Wachovia argues that under Florida law, a defendant who in good faith receives money in payment of a just claim is not liable for repayment of that money. But, assuming that such rule is applicable here, the rule depends on the defendant having received the funds in good faith, or in other words, having been an innocent payee. *See Equilease Corp. v. Hentz,* 634 F.2d 850, 853 (Fla. 5th DCA 1981) (citing *Pensacola and A. R. Co. v. Braxton*, 34 Fla. 471, 16 So. 317 (1894)). In this case, PBSJ argues that Wachovia was not innocent payee because it was able to receive the payments only as a result of its own negligence. At this stage of the litigation, with the limited facts before me, I cannot conclude that Wachovia was an innocent payee, or that equity demands that Wachovia retain the money. According, Wachovia's motion to dismiss Count II is denied.

## IV. Conclusion

Wachovia's motion to dismiss is denied. Wachovia shall answer the complaint by October 12, 2007.

DONE and ORDERED in chambers in Miami, Florida, this 20th day of September, 2007.

*/s/ Adalberto Jordan*
Adalberto Jordan
United States District Judge

Copy to:     All counsel of record